IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EVERETT BRUNO HAWKINS, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:20-CV-64-ECM-KFP |
| ALGENIA HAWKINS THOMPSON, et al., | ) |
| Defendants. | ) |

**RECOMMENDATION OF MAGISTRATE JUDGE**

Upon consideration of Defendants' Motion to Dismiss (Doc. 41), the undersigned RECOMMENDS that the motion be GRANTED and that this case be DISMISSED, as set forth below.

**I.     INTRODUCTION**

Plaintiff has sued Defendants in connection with the probate of the estate of Plaintiffs' aunt, Marguerite Hawkins Merchant. Defendant Thompson was named the executrix of Ms. Merchant's estate, and Milton Davis, an attorney, represented Defendant Thompson in the administration of the estate in the Macon County Probate Court, which entered a Decree on Final Settlement on December 21, 2018.

In response to the Complaint, Defendants filed two Motions to Dismiss. Docs. 14 and 20. The Court construed those motions as Motions for a More Definite Statement, granted them, and, because the Court found the Complaint to be a "shotgun" pleading, instructed Plaintiff to file an amended complaint that complied with Rules 8(a)(2) and 10(b)

of the Federal Rules of Civil Procedure. *See* Doc. 34. Plaintiff filed his Amended Complaint on March 17, 2021.[1] Doc. 35. Defendants then filed the instant Motion to Dismiss, arguing that the probate exception to diversity jurisdiction and the doctrines of res judicata and collateral estoppel bar Plaintiff's claims. *See* Doc. 41.

## II. STANDARD OF REVIEW

While pro se pleadings are held to a lesser standard than those prepared by attorneys and "thus are construed liberally," pro se litigants still must comply with the Federal Rules of Civil Procedure. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008); *Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009). Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that each factual allegation be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). When considering a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the court accepts all facts alleged in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). The court must ask whether there are allegations that are no more than conclusions. Claims that fall into this category are discarded. The court next considers whether there are any remaining factual allegations which, if true, could plausibly give rise to a claim for relief. If there are none, the complaint will be dismissed.

---

[1] The original Complaint named Defendant Thompson's husband, Richard Cornell Thompson, as a defendant; however, the Amended Complaint contained no allegations of conduct by Mr. Thompson. An amended complaint supersedes and replaces an original complaint unless the amendment specifically refers to or adopts the earlier pleading. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999); *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). Therefore, Algenia Thompson and Milton Davis are the only defendants in this lawsuit.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

## III. DISCUSSION

### A. Jurisdictional Allegations

Federal courts exercise limited jurisdiction and are obligated to ensure that jurisdiction exists in every case. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). When an action is based on diversity jurisdiction, as is the case here,[2] courts must ensure the plaintiff has alleged that the parties' citizenship is completely diverse and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; Fed. R. Civ. P. 8(a)(1) (requiring "a short and plain statement of the grounds for the court's jurisdiction"). Complete diversity requires that the citizenship of every plaintiff be diverse from the citizenship of each defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Each party's citizenship must be alleged on the face of the complaint to establish diversity jurisdiction. *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Based on the *original* Complaint, it appears that complete diversity may exist in this case, as Plaintiff resides in South Carolina, both Defendants reside in Alabama, and

---

[2] Plaintiff's original Complaint contained allegations directed at establishing diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1. Federal jurisdiction may also be based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 if the claims arise under the Constitution, laws, or treaties of the United States; however, there is no basis for federal question jurisdiction in the original or amended Complaint. As set forth below, Plaintiff's claim against Defendant Davis is based on a federal criminal statute that does not permit a private right of action, and his claim against Defendant Thompson is a state law claim of breach of fiduciary duty.

Plaintiff seeks $5 million in monetary damages. Doc. 1 at 1–2. Before the Amended Complaint was filed, Plaintiff notified the Court that he had moved to Georgia. Doc. 29. However, the Amended Complaint is devoid of allegations regarding any of the parties' citizenship or the amount in controversy, and, as a result, it is subject to dismissal because it fails to establish that this Court has subject matter jurisdiction over Plaintiffs' claims. It is possible, with additional instructions from the Court, that Plaintiff could file a second amended complaint that includes the required allegations of the parties' citizenship, rather than residency,[3] and the amount in controversy, but Eleventh Circuit "case law does not require a district court to give a pro se litigant multiple opportunities to amend." *Marantes v. Miami-Dade Cty.*, 649 Fed. App'x. 665, 673 (11th Cir. 2016); *Bloom v. Alvereze*, 498 Fed. App'x. 867, 884 (11th Cir. 2012) (citing *Welch v. Laney*, 57 F.3d 1004, 1009 (11th Cir. 1995) (holding that dismissal with prejudice is appropriate after district court grants opportunity to amend and identifies pleading's deficiencies)).

Even if the Court were to allow Plaintiff to amend, the amendment would still be subject to dismissal. As explained below, the Amended Complaint fails to state a claim against Defendant Davis, and the claims against Defendant Thompson are barred by the doctrines of res judicata and collateral estoppel. Thus, in this case, giving Plaintiff another opportunity to amend for the purpose of including the required jurisdictional allegations

---

[3] A natural person's citizenship is determined by "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (per curiam) (quotation and citation omitted). Citizenship is different from residency. Alleging a party's residence alone is not enough, and a complaint must contain an allegation of each party's *citizenship*. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).

4

would be futile and a waste of judicial resources. *Lee v. Alachua Cty., FL*, 461 F. App'x 859, 860 (11th Cir. 2012) ("While a pro se litigant must generally be given an opportunity to amend his complaint, a district court need not allow any amendment where amendment would be futile. . . . Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007))). Because any amendment would be futile, Plaintiff's Amended Complaint is due to be dismissed for lack of subject matter jurisdiction.

### B. Claims Against Defendant Davis

Plaintiff states that his claims against Defendant Davis are brought pursuant to 18 U.S.C. § 242, which provides:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both. . . .

This statute is a criminal statute and does not give rise to a private cause of action. *See Cohen v. Carmel*, No. 10-22244-CIV, 2010 WL 2991558, at *1 (S.D. Fla. July 27, 2010) (citing *Fundiller v. City of Cooper City,* 777 F.2d 1436, 1439 (11th Cir. 1985) and *Crosby v. Catret,* 308 F. App'x 453, 453 (D.C. Cir. 2009) ("The district court properly rejected appellant's attempt to invoke 18 U.S.C. § 241 and 18 U.S.C. § 242 to initiate a prosecution against the named defendants because there is no private right of action under these

criminal statutes.")). Therefore, Plaintiff's claim against Defendant Davis must be dismissed.

Because of Plaintiff's use of the phrases "color of law" and "deprivation of rights," the Court has considered whether Plaintiff intended to bring a claim against Defendant Davis pursuant to 42 U.S.C. § 1983. However, a defendant "acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Samedi v. Miami-Dade Cty.*, 134 F. Supp. 2d 1320, 1338 (S.D. Fla. 2001); *Almand v. DeKalb Cty., Ga.*, 103 F.3d 1510, 1513 (11th Cir. 1997). Only those actions that a state employee takes pursuant to the power he possesses by state authority may be considered acts under color of law for a § 1983 claim. *See Edwards v. Wallace Cmty. Coll.,* 49 F.3d 1517, 1523 (11th Cir. 1995). Defendant Davis is a private attorney who was retained by Defendant Thompson to represent her in the administration of the decedent's estate. Plaintiff has asserted no facts suggesting that Defendant Davis was a state employee while representing Defendant Thompson, and the fact that he is an attorney does not mean he was acting under "color of law." Because there is no indication that any conduct by Defendant Davis was undertaken with power he possessed by state authority, to the extent Plaintiff intended to bring a § 1983 claim against Defendant Davis, that claim is due to be dismissed.

**C.   Claims Against Defendant Thompson**

Plaintiff alleges that Defendant Thompson failed to "adhere to the duties and responsibilities of managing the estate" and breached her fiduciary duty to him. Specifically, he alleges that Defendant Thompson failed to distribute treasury bonds left to the Plaintiff in the Will; disbursed funds to her husband; failed to enter an amended will

into probate; failed to distribute a homeowner's policy payment to him as a tenant-in-common of the decedent's home; failed to open a separate bank account for the estate in relation to two money market accounts; failed to disclose the full assets of the estate and provide an accounting and inventory; impaired title to a vehicle Plaintiff received as part of the estate distribution by signing the title as executrix of the estate; and failed to pay the bills of the estate. Doc. 35 at 1–2. Based on a review of the Amended Complaint and the above factual allegations, the Court construes Plaintiff's Amended Complaint to state a claim of breach of fiduciary duty against Defendant Thompson.

The Court has taken judicial notice of documents filed in the Probate Court of Macon County relating to the estate of Ms. Merchant. *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 812 (11th Cir. 2015) ("Courts may take judicial notice of publicly filed documents, such as those in state court litigation, at the Rule 12(b)(6) stage.") (citation omitted). According to the Decree on Final Settlement (Doc. 20-1), Plaintiff was represented in the probate proceedings by two attorneys who were present at various hearings, including the final settlement hearing. The probate court held four hearings regarding the disposition of the estate and received sworn testimony at three of those hearings. Plaintiff was not present at the final hearing on November 14, 2018, but his attorneys were present and had an opportunity to cross-examine all witnesses and present evidence to the court. Plaintiff's attorneys "audited and reviewed extensively" all documentation relating to the estate and "questioned the Executrix extensively regarding the amounts received and expended by the Executrix." Plaintiff was found to have taken some items from the estate and was given a deadline to return them. The hearing was

adjourned and recessed to give Plaintiff's attorneys an opportunity to consult with him regarding information in the final accounting documents. The hearing resumed on December 6, 2018. Plaintiff again was not present, but his attorneys attended. The Court examined and audited the final accounting of Defendant Thompson, who testified under oath. All attorneys were allowed to interrogate and cross-examine her on all aspects of the administration of the estate. At the conclusion of the hearing, Plaintiff was again ordered to return all items taken from the estate and given a deadline of December 12, 2018. The probate court issued its Decree on Final Settlement on December 21, 2018.

### 1. The Probate Exception to Diversity Jurisdiction

The probate exception to diversity jurisdiction reserves to state probate courts the probate or annulment of a will and the administration of an estate, and it precludes federal courts from interfering with property in the custody of a state probate court. *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006). The exception is narrow, and it does not prevent "federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id*. Although Plaintiff's Amended Complaint certainly relates to the probate matter, in this action he seeks monetary damages for the alleged tort of breach of fiduciary duty. He is not asking this Court to probate or annul a will, administer or invalidate the administration of an estate, or interfere with property in the custody of the probate court. Therefore, the probate exception does not apply to Plaintiff's breach of fiduciary claim in this lawsuit. *See Kaplan v. Kaplan,* 524 F. App'x 547, 548 (11th Cir. 2013) (unpublished) (affirming case where district court ruled that heir's breach of fiduciary duty claim against personal representative of estate was not in the nature of a

probate proceeding and that it had jurisdiction to entertain in personam claims against the personal representative).[4]

### 2. Res Judicata

Alabama law governs in determining whether res judicata or collateral estoppel apply to bar a claim. *Sibille v. Davis*, 80 F. Supp. 3d 1270, 1277 (M.D. Ala. 2015) (citing *Cmty. State Bank v. Strong,* 651 F.3d 1241, 1263 (11th Cir. 2011) ("In considering whether to give preclusive effect to state-court judgments under res judicata or collateral estoppel, the federal court must apply the rendering state's law of preclusion."). Res judicata has four elements under Alabama law: (1) a final judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both cases. *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1309 (11th Cir. 2006) (citing *Equity Res. Mgmt., Inc. v. Vinson,* 723 So.2d 634, 636 (Ala. 1998)). The Court finds that all four elements are present here.

---

[4] *See also Lefkowitz v. Bank of New York,* 528 F.3d 102, 107–08 (2d Cir. 2007) (holding that probate exception barred some of beneficiary's claims against executor and law firm representing estates because they would require federal court to assert control over property in custody of state probate court but did not bar claims for damages from defendants personally for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraudulent misrepresentation, and fraudulent concealment); *Jones v. Brennan,* 465 F.3d 304, 307–08 (7th Cir. 2006) (finding that probate exception applied to claims complaining of maladministration of father's estate while probate proceedings were in progress but did not apply to claim seeking to impose tort liability on guardians of estate for breach of fiduciary duty); *Leskinen v. Halsey,* 571 F. App'x 36 (2d Cir. 2014) (unpublished) (probate exception inapplicable to RICO claims seeking monetary damages because, even though relief sought was at odds with concluded probate proceedings, claims did not ask district court to administer estate, probate will, perform another purely probate matter, or interfere with property in custody of state court); *Gherini v. Lagomarsin,* 258 F. App'x 81, 83 (9th Cir. 2007) (unpublished) (probate exception did not apply to RICO claims given that complaint sought in personam damages against defendants and did not seek to administer an estate, probate a will, or otherwise assume in rem jurisdiction over property in custody of state probate court); *Young v. Bishop Estate,* 497 F. App'x 735, 737 (9th Cir. 2012) (unpublished) (probate exception did not apply to negligence claim where plaintiff's claim sought in personam judgment, not probate or annulment of will).

First, the Probate Court's final decree was a final judgment on the merits. After three evidentiary hearings, the probate court considered the evidence and rendered a decree on the merits with respect to the disbursal of treasury bonds, validity of the Will, transfer of motor vehicles, final accounting, and all expenditures. Second, the probate court's decision was rendered by a court of competent jurisdiction. *Broughton v. Merchants Nat. Bank of Mobile*, 476 So. 2d 97, 101 (Ala. 1985) (recognizing that a judgment of a probate court is entitled to the same finality as the judgment of any other court of general jurisdiction) (citing *Opinion of the Justices*, 280 Ala. 653, 657 (1967)). Third, because Plaintiff and Defendant Thompson were both involved in the probate proceedings, there is identity of parties. *Broughton*, 476 So. 2d at 102 (finding identity of parties when heir sued trustee/executor of estate for mismanagement of trust and breach of fiduciary duty as trustee/executor).

Fourth, the probate matter involved the same cause of action that Plaintiff asserts in this case. Although there is no indication that Plaintiff complained specifically of breach of fiduciary duty in the probate court, the way a claim is labeled does not determine its nature. *Kizzire,* 441 F.3d at 1309 (citing *Reed v. Brookwood Med. Ctr.*, 641 So. 2d 1245, 1246 (Ala. 1994)). Instead, under Alabama's "substantial evidence" test, res judicata applies when the same evidence substantially supports both actions. *Id.* (citing *Equity Res. Mgmt., Inc.*, 723 So. 2d at 637). Res judicata applies not only to the exact legal theories advanced in the prior case but to all legal theories and claims arising out of the same nucleus of operative facts. *Id.* (citing *Old Republic Ins. Co. v. Lanier,* 790 So. 2d 922, 928 (Ala. 2000) (quotations and citations omitted)). *See Reed,* 641 So. 2d at 1246 (in case where

10

plaintiff filed action for breach of contract, fraud, outrage, and defamation following hospital's debt collection suits, finding causes of action to be the same because evidence of whether plaintiff was liable on his debt was necessary to prove or disprove his claims against hospital).

In this case, Plaintiff's breach of fiduciary duty claim involves the same nucleus of operative facts as the claims in the probate matter. The evidence necessary to prove his claim in this action will include the nature, value, and condition of the treasury bonds and other real and personal property of the estate, information on necessary taxes and expenses of the estate, evidence concerning the validity of the Will, details concerning the transfer of the motor vehicle, and evidence of all funds received and disbursed by Defendant Thompson as executrix of the estate. As shown by the specific findings in the probate judge's final order, this is the same evidence considered by the probate court in issuing its final decree and closing the estate, and the probate case and the instant case involve the same cause of action. *See Kaplan*, 624 F. App'x 680, 682–83 (11th Cir. 2015) (finding under Florida's law of res judicata, which requires identity of the causes of action, defined as actions sharing similarity of facts essential to both actions, that res judicata barred heir's breach of fiduciary claims against personal representative related to payment of bills and settlement of a wrongful death claim); *Broughton*, 476 So. 2d at 100–103 (finding res judicata barred heir's claims against trustee/executor for mismanagement of trust, breach of fiduciary duty, and fraud because they arose from same nucleus of facts as allegations asserted in probate court and could have been asserted in the probate proceedings).

The purpose of the res judicata doctrine is that the "'full and fair opportunity to litigate protects [a party's] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (quoting *Montana v. United States,* 440 U.S. 147, 99 S. Ct. 970, 59 L.Ed.2d 210 (1979)). With all four elements of res judicata present here, Plaintiff, who had a full and fair opportunity to litigate the above claims in probate court, is precluded from relitigating those claims against Defendant Thompson.

### 3. Collateral Estoppel

Even if res judicata did not apply, "[w]hen claim preclusion does not apply to bar an entire claim or set of claims, the doctrine of collateral estoppel, or issue preclusion, may still prevent the relitigation of particular issues which were actually litigated and decided in a prior suit." *Coggins v. City of Jackson's Gap*, No. 3:07CV402-MEF, 2007 WL 3342551, at *6 (M.D. Ala. Nov. 7, 2007) (citing *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990) (citations omitted)). Alabama's law of collateral estoppel has four elements: (1) the issue in the prior case is identical to the issue in the present case; (2) a court of competent jurisdiction actually litigated the issue in the prior action; (3) resolution of that issue was necessary to the prior judgment; and (4) the same parties or their respective privies are involved in the two actions. *Sibille*, 80 F. Supp. 3d at 1277–78 (citations omitted).

With respect to the first element, the issues raised in the Amended Complaint are identical to the issues presented in the probate matter. For instance, Plaintiff complains

about the distribution of treasury bonds, but the Probate Court held that the treasury bonds were properly redeemed to pay federal income taxes. The court also *ordered* Defendant Thompson to use a portion of the bonds to pay fees and expenses of the estate and to reduce Plaintiffs' portion to compensate for property he had taken and damaged beyond repair. Plaintiff complains that Defendant Thompson failed to enter an amended Will into probate, but the Order admitting the Will into probate, signed by the probate judge on March 17, 2017, found the Will submitted by Defendant Thompson to be the "true, genuine and last Will of Marguerite Hawkins Merchant." Plaintiff complains that Defendant Thompson impaired title to a vehicle he received as part of the estate distribution, but the probate court found that "all motor vehicles have been properly given over to the possession and custody of those entitled to receive same under the Will." Finally, Plaintiff complains that Defendant Thompson failed to distribute a homeowner's policy payment to him as tenant-in-common of the decedent's home after a "confirmed burglary during probate," disbursed funds to her husband, failed to open a separate bank account for the estate in relation to two money market accounts, failed to pay the bills of the estate, and failed to disclose the full assets of the estate and provide an accounting an inventory. However, the probate court found that Defendant Thompson's final accounting submitted to the Court was "true and correct in all respects and that the expenditures made by the executrix were necessary and in the best interest of the estate and are fully passed and allowed by the Court." [5] *Id*. at 3.

---

[5] Additionally, with respect to the homeowner's insurance claim, not only did the probate court approve the final accounting and all receipts and expenditures of funds, but the final order directed Defendant Thompson to sign an executrix deed transferring ownership of the decedent's residence jointly to Plaintiff and Defendant Thompson. This deed, recorded in Deed Book 228 at Page 382 of the Macon County Probate Office, was signed on January 30, 2019, after the administration of the estate was closed and after the

Although Plaintiff may have labeled his claims differently, it is clear that the probate court's final order addresses all issues raised in this action and that they are identical to those raised in the probate matter. *See Grosz v. SunTrust Bank*, No. 8:12-CV-1336-T-23AEP, 2013 WL 12387353, at *4 (M.D. Fla. Aug. 8, 2013) (even though plaintiff alleged claims of conspiracy, breach of fiduciary duty, and fraudulent transfer, collateral estoppel applies because plaintiff sought similar if not identical relief in the underlying state court probate proceedings).

The second element of collateral estoppel is also met. As explained above, the probate court is a court of competent jurisdiction, and it clear that the court actually litigated the issues raised in the Amended Complaint. Plaintiff was represented by two attorneys. Those attorneys attended hearings, reviewed evidence presented at the hearings, audited and examined the accounting documents, were given an opportunity to present evidence on Plaintiff's behalf, and cross-examined Defendant Thompson about money received, money expended, and all aspects of her administration of the estate. After four hearings, three of which were evidentiary hearings, the probate court entered a final order adjudicating the same issues Plaintiff raises in this lawsuit.

Finally, the third and fourth elements of collateral estoppel are also satisfied. As explained above, Plaintiff and Defendant Thompson were both parties in the probate matter, and resolution of the above issues by the probate court was necessary to its judgment, as the probate court could not have approved the final settlement and closed the

---

"confirmed burglary during probate." Thus, Plaintiff had not yet acquired an ownership interest in the decedent's residence at the time of the burglary that occurred during probate.

estate without making determinations about the validity of the Will, the nature and value of the decedent's personal property, the accuracy of the executrix's inventory and accounting, the propriety of her actions during probate, and a final disposition of property.

As with the res judicata, when all four elements of collateral estoppel are present, a state court's findings are not subject to review by this Court, as "the prior judgment is conclusive as to those issues actually determined in the prior suit." *Sibille,* 80 F. Supp. 3d at 1278 (citing *Campbell v. Campbell*, 561 So. 2d 1060, 1061 (Ala. 1990) (quotation marks and citations omitted)). The doctrine of collateral estoppel promotes finality of judgments and "serves to promote the efficient allocation of [courts'] limited judicial resources, by preventing the unnecessary and pointless relitigation of issues previously adjudicated." *Sibille*, 80 F. Supp. 3d at 1284 (quoting *Jones v. Blanton*, 644 So. 2d 882, 885 (Ala. 1994) (internal footnote omitted)). The Macon County Probate Court has already issued a ruling on the merits in favor of Defendant Thompson on each of the issues Plaintiff raises in this lawsuit, and Plaintiff is precluded from relitigating them here.

## IV. CONCLUSION

Because Plaintiff's Amended Complaint fails to state the grounds for this Court's jurisdiction and because any amendment to cure the jurisdictional defect would be futile, as Plaintiff fails to state a claim against Defendant Davis and his claims against Defendant Thompson are precluded by res judicata and collateral estoppel, the Magistrate Judge RECOMMENDS that Defendants' Motion to Dismiss be GRANTED to the extent that this case is DISMISSED for lack of subject matter jurisdiction.

Further, it is ORDERED that by **March 2, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 16th day of February, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE